BRAMLEY *et als. v.* TYREE *et als.*

SUPERSEDEAS. *Will not be granted. When.* An order of court appointing a receiver of lands conveyed in trust for creditors, in a suit brought for the foreclosure of the trust, cannot be superseded under the Code, sec. 3933.

APPLICATION FOR SUPERSEDEAS.

COOPER, J., delivered the opinion of the court.

On the 29th day of March, 1876, Thomas J. Tyree and his wife, E. P. Tyree, joined in a deed conveying lands to W. L. Bramley in trust for creditors. named. By the terms of the deed it was provided that if the debts were not paid by the 30th of March,. 1878, the trustee might advertise and sell the lands.

The trustee and creditors filed their bill to enjoin the commission of waste, and, after the expiration of the period limited by the deed, to execute the trust by a sale of the property.

The bill has been taken for confessed as to the husband and other defendants, except E. P. Tyree, the wife, who has been served with process, but has not answered.

In this state of the case the complainants applied to the Hon. Geo. H. Nixon, Chancellor, for a receiver of the lands, upon the ground that the debtor was. insolvent, that the lands would fall short of paying. the debts secured, and that the rents and profits would be required for the purpose. The Chancellor appointed a receiver, and this action, if there were nothing more in the case, would be clearly within the authorities and the merits. *Henshaw* v. *Wells,* 9 Hum., 568; *McCall* v. *Cawthorn,* 1 Tenn. L. R., 26; *Williams* v. *Noland,* 2 Tenn. Ch., 153.

On the 26th day of January, 1878, E. P. Tyree, the wife of T. J. Tyree, by next friend, filed her original bill in the same court against her husband, and against the trustee and beneficiaries in the trust deed, to have the deed set aside as to certain tracts of land therein designated, and to have a resulting

trust in said lands declared in her favor.    In the petition for the appointment of a receiver in the trust suit, the filing of the wife's bill is mentioned as a reason why an immediate sale of the land would not be desirable, owing to the cloud thereby thrown over the title, and why a receiver should be appointed. It was further stated in that petition that all of the defendants to the wife's bill, except her husband, had answered it "denying all the equities of the same." The wife, E. P. Tyree, has now presented a petition tn this court setting out the foregoing facts, and asking that the order for the appointment of a receiver be superseded under the Code, sec. 3933.

The appointment of the receiver was made in the suit for the execution of the trust, and was, as we have seen, justified by the facts of the case.    It was a bill of foreclosure without, so far as the pleadings show, any contest over the title to the property. The outside litigation was mentioned as a reason why a receiver should be appointed, and why an immediate sale under the trust was not desired.    To sell with the cloud on the title, created by the new litigation, would be to sacrifice the property.    In a case of that character, and in the attitude of the pleadings, the appointment of a receiver was within the competency of the court, and the order cannot be superseded under the Code, sec. 3933.    It was held at the recent term at Knoxville, in *Baird* v. *Cumberland and Stones River Turnpike Company*, 1 Lea, 394, that the statute does not confer on this court the authority to supervise the discretion of the court below in the exercise

of a conceded power for the preservation of property *pendente lite.* The opinion prepared in that case by the Judge to whom the record was assigned, met the approval of the other Judges, and is now adopted as the opinion of the court. The pendency of the other suit, in which there was a contest over the title to some of the land, could not change the nature of the trust suit, nor impair the power of the Chancellor; nor would the appointment of a receiver in the one suit prejudice the petitioner's rights in the other. She can still obtain such an order in the latter case as she may show herself entitled to. The two suits are separate and independent. And we cannot supersede a proper order in the one which is before us because of the possible rights of the petitioner in the other, which is not before us.

The application is therefore disallowed.